UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 22-117 |
| KENNETH MUSE | SECTION "A" |

**ORDER AND REASONS**

Before the Court is a **Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 60, 63)** filed by *pro se* defendant, Kenneth Muse ("Muse"). For the following reasons, the motion is denied.

**I.     BACKGROUND**

On July 26, 2021, after observing Mr. Muse operating a motorcycle in a reckless manner, an officer with the Jefferson Parish Sheriff's Office ("JPSO") engaged him in a traffic stop.[1] Muse attempted to evade the officer, but wrecked his motorcycle instead.[2] Following the wreck, he was approached by the pursuing officer, who gave him orders to get on the ground.[3] Rather than comply with the officer's orders, he attempted to evade arrest again, this time on foot.[4] He was ultimately apprehended after JPSO officers set a perimeter around a Target parking lot.[5] At the time of his arrest, Muse was in possession of a semi-automatic handgun, $2,570.00 in cash, and a clear bag containing 42 pills that were later identified as Tramadol, a Schedule IV controlled substance.[6]

---

[1] Rec. Doc. 45, Factual Basis, at 1–2.

[2] *Id.* at 2.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

Upon closer inspection, JPSO officers discovered that the handgun contained an extended 30 round capacity magazine, and was previously reported as stolen during a carjacking.[7] The handgun was also affixed with a "Glock switch" conversion device designed to make the gun function as a fully automatic weapon.[8] Based on Muse's own admissions and text messages found in his phone, it is undisputed that (i) he possessed the Tramadol pills with the intent to distribute them and (ii) he had knowledge that the handgun had been converted to a fully automatic weapon.[9]

Muse was initially indicted on three counts comprising: (1) Possession with the Intent to Distribute a Controlled Dangerous Substance in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(E)(2); (ii) Possession of a Machine Gun[10] in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) and 924(c)(1)(B)(ii); and (iii) Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[11] As the result of plea negotiations, however, the Government dismissed the second count and charged Muse instead with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).[12] The effect of this was that the mandatory minimum penalty for possession of a firearm in furtherance of drug trafficking was only five years, as opposed to the thirty year

---

[7] *Id.* at 2–3.

[8] *Id.* at 3.

[9] *Id.* at 2–3.

[10] *See* 18 U.S.C. § 921(a)(24) ("The term 'machinegun' has the meaning given such term in section 5845(b) of the National Firearms Act"); 26 U.S.C. § 5845(b),

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

[11] Rec. Doc. 18, Indictment, at 1–2.

[12] *See* Rec. Doc. 44, Plea Agreement, at 1.

minimum Muse would have faced had he pled guilty to possession of a machinegun in furtherance of drug trafficking.[13] Muse pled guilty to the three count Superseding Bill of Information on March 9, 2023[14] and this Court subsequently sentenced him to a 15 year term of imprisonment in accordance with the parties' agreement on June 13, 2023.[15]

Muse now moves the Court for post-conviction relief pursuant to 28 U.S.C. § 2255 asserting ineffective assistance of counsel based on three grounds: first, that his attorney did not provide him with a copy of his discovery in a timely manner; second, that he was improperly advised of his sentencing guidelines; and third, that his attorney failed to inform him that he was not in possession of a machinegun at the time of his arrest.[16]

## II.    LEGAL STANDARDS

### i.    Standards Governing § 2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. den.*, 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *See Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

---

[13] *Id.* at 1–2.

[14] Rec. Doc. 67, Transcript of Rearraignment Proceedings, at 1.

[15] Rec. Doc. 66, Transcript of Sentencing, at 13.

[16] Rec. Doc. 60.

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)); *see also United States v. Ressler*, 54 F.3d 257, 259 (5th Cir. 1995). "[A] collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, '[the courts] are entitled to presume that the defendant stands fairly and finally convicted.'" *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991), *cert. den.*, 502 U.S. 1076 (1992) (citing *United States v. Frady*, 456 U.S. 152, 164–65 (1982)).

"Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. *See United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995).

   ii. **Ineffective Assistance of Counsel**

To establish that legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his counsel's performance was both deficient (*i.e.*, that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (*i.e.*, that errors by counsel "actually had an adverse effect on the defense"). *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 686–89, 693). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption

that, under the circumstances, the challenged action might be considered sound trial strategy. *See id.* On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* (citing *Strickland*, 466 U.S. at 693).

A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland*, 466 U.S. at 689). The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.*

In *Hill v. Lockhart*, the Supreme Court applied the *Strickland* test to cases involving guilty pleas. 474 U.S. 52 (1985). The Court held that, in a guilty plea scenario, the defendant must prove that his attorney actually erred, satisfying the first part of the *Strickland* test; but also must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

### III. ANALYSIS

The Court finds that defense counsel's performance was neither deficient nor prejudicial, but instead, phenomenal. For the following reasons, Muse's claims are, thus, denied.

In his first ground for ineffective assistance of counsel, Muse states in conclusory fashion that his attorney did not provide him with a copy of his discovery until his sentencing date.[17] This ground fails on the merits for two reasons. First, the allegation is so lacking in detail that it fails

---

[17] *Id.*

on that reason alone. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations . . . are insufficient to raise a constitutional issue.") (citation omitted). Second, he has not established how, if at all, the result of the proceeding would have been different if he had received the discovery prior to the date of his sentencing. *Hill*, 474 U.S. at 59.

In his second ground for ineffective assistance of counsel, Muse argues that he was improperly advised of his sentencing guidelines.[18] In support of this argument, he claims that his counsel "stated [his] guideline[s] didn't matter because [he] was facing 30 to life" but, "after being sentenced to 180 months [he] discovered [he] had a guideline of 84 to 104 months."[19] This claim is refuted by the record and by Muse's own sworn statements at his plea hearing. As previously explained, Muse faced a mandatory minimum sentence of 30 years before the Government agreed to replace the charge for possession of a machinegun with possession of a firearm in exchange for his guilty plea. As a result of this, the parties expressly agreed that "a total sentence of 15 years is an appropriate disposition of this case."[20] *See United States v. Carrasco*, No. 23-50238, 2024 WL 64765, at *2 (5th Cir. Jan. 5, 2024) (quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) ("Official records, such as this signed [guilty plea], are entitled to a presumption of regularity and are accorded great evidentiary weight.")).

Moreover, at the plea hearing, the Government stated the following:

> [The letter to the Court] says that you'll plead guilty to Count 1, Count 2, and Count 3 of the superseding bill, and then in exchange for your plea of guilty, we'll move to dismiss the original indictment. And the key difference between those documents, as I said earlier, was that the Count 2 in the indictment charges a machine gun, and Count 2 in the superseding bill charges a firearm, with the result that the mandatory minimum dropped from 30 years to five years. Do you understand that?

---

[18] *Id.*

[19] *Id.*

[20] Rec. Doc. 44, at 2.

(Rec. Doc. 67, at 21). In response, Muse answered "Yes." *See United States v. Teijeiro*, 79 F.4th 387, 392 (5th Cir. 2023) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and noting that the plain language of a plea agreement and the defendant's testimony at a rearraignment hearing have a "strong presumption of verity").

As such, Muse has failed to establish his second ground for ineffective assistance of counsel because he has not established that his attorney erred. And the Court notes, contrary to Muse's position, that he avoided what would have been a mandatory minimum sentence of 30 years as a direct result of his attorney's negotiations with the Government.

Muse's final ground for ineffective assistance of counsel is that his attorney erred when she failed to inform him that he was not in possession of a machinegun at the time of his arrest.[21] But this statement is wholly refuted by the record, including: (1) the factual basis he signed, which states (i) that the firearm was affixed with a Glock switch that caused it to function as an automatic weapon and (ii) that text messages in his phone made clear "that he was aware the weapon had a 'Glock switch' and was fully automatic";[22] (2) the plea agreement, which described the machinegun charge;[23] (3) the plea hearing transcript, which contains a conversation between the Government and Muse about the machinegun charge;[24] and (4) the sentencing hearing transcript, which documents a conversation between the Court and Muse about the machinegun.[25]

Because he has not established error on the part of his counsel, each ground of Muse's claim for ineffective assistance of counsel fails. *Hill*, 474 U.S. at 57–59; *Strickland*, 466 U.S. at

---

[21] Rec. Doc. 60.

[22] Rec. Doc. 45, at 3.

[23] Rec. Doc. 44, at 2–3.

[24] Rec. Doc. 67, at 21.

[25] Rec. Doc. 66, at 6.

687–88; *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). A court need not address both components of this inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

Finally, the Court notes that an evidentiary hearing on this matter is unnecessary. "A defendant is entitled to an evidentiary hearing on his § 2255 motion only if [he] presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)). Muse has not met this burden.

Accordingly;

**IT IS ORDERED** that the **Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 60, 63)** filed by Defendant Kenneth Muse, is **DENIED**.

January 13, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE